***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JORDAN E. TAITANO SECTION 1983 CLAIMS I | No. C 09-1804 RMW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff initially filed two civil rights complaints, both appearing to arise out of a common nucleus of events. On its own motion, the court ordered the cases consolidated. Upon review of the complaints, the court identified several deficiencies and dismissed the action with leave to amend. Plaintiff has filed an amended complaint. Upon review of the amended complaint, the court dismisses this action for failure to state a claim.

**BACKGROUND**

Plaintiff's amended complaint is difficult to understand. It appears that he is complaining that on October 27, 2008, he was in Antioch when he noticed defendants Officers Hugeles and Reid. Plaintiff alleges he began to feel nervous "so [he] started becoming irrational and violent," to the point where Hugeles and Reid felt plaintiff was becoming dangerous to himself and the public. "Officers Hugeles, Reid [sic] still did not intervene to make an arrest, not so to jeopardize there [sic] investigation or whatever other reasons the officers did not do so." Plaintiff felt scared and jumped into a vehicle and fled the scene. This resulted in plaintiff's

losing control of the vehicle and causing a car accident in which a civilian died. At that point, officers arrested plaintiff. Plaintiff further alleges that the remaining defendants helped Officers Hugeles and Reid in the "cover up."[1]

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Generally, plaintiff appears to allege that Officers Hugeles and Reid were investigating him without cause and should have prevented the car crash by arresting him prior to his fleeing. However, without more, there is no constitutional right to be free from investigation. Further, there is no constitutional right to be arrested. See Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting Hoffa v. United States, 385 U.S. 293, 310 (1966)):

> The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.

---

[1] Although it is unclear, presumably, plaintiff believes the "cover up," is that Hugeles and Reid were conducting an "unjustifiable investigation" on plaintiff without arresting him.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Taitano804dis.wpd      2

1    In addition, plaintiff appears to allege that the remaining named defendants are assisting
2 Hugeles and Reid by covering up their initial failure to arrest.  Plaintiff's allegations are
3 unsupported and conclusory.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
4 plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not
5 necessary; the statement need only "give the defendant fair notice of what the . . . claim is and
6 the grounds upon which it rests."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations
7 and internal quotations omitted).  Although in order to state a claim a complaint "does not need
8 detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
9 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
10 the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a
11 right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,
12 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for
13 relief that is plausible on its face."  Id. at 1974.

14    Plaintiff's allegations regarding the liability of the remaining defendants are made in
15 general terms and are conclusory – simply that these defendants joined together to help cover up
16 Hugeles and Reid's failure to arrest.  Conclusory allegations "are not entitled to the assumption
17 of truth."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

18    When the court initially dismissed the complaint with leave to amend, it advised plaintiff
19 that conclusory allegations were not sufficient to sustain a cognizable claim.  The court further
20 advised plaintiff that his complaint must state facts with specificity and allege a violation of a
21 federal right.  The court granted plaintiff leave to amend his complaint and warned that a failure
22 to correct the deficiencies would result in a dismissal.  Even after petitioner was given the
23 opportunity to amend his petition to allege facts sufficient to sustain a cognizable claim against
24 defendants, for the reasons stated above, petitioner's claims remain deficient.  Accordingly, this
25 action is DISMISSED for failure to state a claim.

## CONCLUSION

27    This action is DISMISSED for failure to state a claim.  The clerk shall enter judgment
28 and close the file.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Taitano804dis.wpd        3

IT IS SO ORDERED.

DATED: __9/4/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Taitano804dis.wpd          4